UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KENSON JOSEPH,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26cv606 DRL-SJF

OPINION AND ORDER

Immigration detainee Kenson Joseph, a litigant without counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States. The Warden answered the petition, and Mr. Joseph filed a reply. The parties also filed supplemental briefing at the court's invitation. The petition is ready to be decided.

Mr. Joseph is a citizen of Haiti who entered the United States on June 24, 2022, at the San Ysidro Port of Entry, with his wife and cousin [10-1]. At the port, he claimed a fear of returning to Haiti. He was issued a notice to appear and paroled into the United States, but it appears no further action was taken on the notice. On March 27, 2023, he filed for temporary protected status (TPS). His application was approved on November 27, 2023, valid through August 3, 2024.[1] On July 30, 2024, he filed for re-registration of TPS.

---

[1] A noncitizen who has been granted TPS cannot be removed from the United States while the status is in effect and may receive authorization to work in the United States. *See* 8 U.S.C. § 1254a(a)(1). Further, "[a]n alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4).

Mr. Joseph was arrested on May 12, 2025, by local police for aggravated assault and related charges, and released a few days later on bond. After learning of this arrest, United States Immigration and Customs Enforcement (ICE) agents, along with the United States Marshal Service and Homeland Security Investigations, arrested Mr. Joseph on July 2, 2025, outside of his apartment building. The criminal charges were withdrawn not quite two months later.

The same day of his arrest, July 2, 2025, he was issued a Notice and Order of Expedited Removal under 8 U.S.C. § 1225(b)(1), based on a finding that he was inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not having valid entry documents. That expedited removal order, however, was vacated on August 25, 2025, after it was determined that Mr. Joseph had asserted a credible fear of persecution or torture. He was issued another notice to appeal as "an alien present in the United States who has not been admitted or paroled," charging him with being removable under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not having valid entry or travel documents. On November 7, 2025, he was ordered removed to Haiti by an immigration judge. Mr. Joseph appealed the decision to the Board of Immigration Appeals (BIA). The appeal remains pending.

Mr. Joseph filed this habeas petition, arguing his continued detention was unlawful because he has been granted TPS and because his detention relies on criminal allegations that were dismissed in full. In answering the petition, the Warden (though his federal counsel) argues that Mr. Joseph's TPS status has been terminated, so that is not a basis to find his detention unlawful. The Warden provides evidence that on May 11, 2026, United States Citizenship and Immigration Services (USCIS) sent Mr. Joseph a notice, informing

him that USCIS intended to deny his application to re-register for TPS based on the May 2025 criminal charges [10-1]. Mr. Joseph was given until June 13, 2026 to submit evidence for USCIS to consider before making its final decision. On August 7, 2026, USCIS terminated Mr. Joseph's TPS [14].

Beyond the terminated TPS, the Warden argues that the court should not reach the merits of the petition because Mr. Joseph has not exhausted his administrative remedies. He argues Mr. Joseph is being held under 8 U.S.C. § 1226(a) and, as such, he did not exhaust his administrative remedies before he filed this habeas petition because he did not file a motion for a custody redetermination before an immigration judge.

In reply, Mr. Joseph argues that he did not have the ability to seek a bond hearing because he was told throughout his detention that he was categorically ineligible for bond. He notes that the basis for his initial detention is unclear because, although he was arrested by ICE in July 2025, the notice to appear was not served until August 25, 2025, nearly a month later, depriving him of notice of the basis for his detention and impairing his ability to challenge it. He says that despite repeatedly requesting information about his custody status, he was informed by ICE officers that he did not qualify for bond and was never given an individualized custody redetermination before an immigration judge.

The Attorney General has delegated his discretion under § 1226(a) to release a noncitizen from detention during removal proceedings by regulation—first, to specified immigration officers who may "release an alien not described in [§ 1226(c)(1) (regarding criminal aliens)], under [bond or conditional parole]; provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to

property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(c)(8), 1236.1(c)(8). That is called an initial custody determination. The Warden concedes that Mr. Joseph never received an initial custody determination. After that initial custody determination, a noncitizen may apply to an immigration judge for a custody redetermination, and the immigration judge is authorized to exercise the authority in § 1226 "to detain the alien in custody, release the alien, and determine the amount of bond, if any, under which the respondent may be released." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1); *see also* 8 C.F.R. § 1003.19 (detailing procedures for custody or bond redeterminations by an immigration judge). When a noncitizen files this motion, an immigration judge, under immigration court rules, must "in general" schedule a "hearing for the earliest possible date," though in "limited circumstances" the immigration judge may rule on a bond redetermination request without a hearing. Immig. Ct. Practice Manual § 8.3(d). A noncitizen may appeal a decision relating to bond and custody determinations to the Board of Immigration Appeals. 8 C.F.R. §§ 236.1(d)(3), 1236.1(d)(3).

The "general rule" is that parties must "exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144-45 (1992). But where "exhaustion of administrative remedies is not statutorily mandated," "sound judicial discretion governs" whether it must be accomplished. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). In exercising discretion whether to depart from the general rule, the court considers "the nature of the claim presented and the characteristics of the particular administrative procedure provided," *McCarthy*, 503 U.S. at 146, always cognizant that "individual interests demand that exhaustion be excused" when:

> (1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

*Gonzalez*, 355 F.3d at 1016 (quoting *Iddir v. INS,* 301 F.3d 492, 498 (7th Cir. 2002)).

Here, Mr. Joseph is asking the court to order a custody redetermination hearing before an immigration judge. But he has not yet exhausted his available remedy of requesting a custody redetermination before an immigration judge. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1), 1003.19. Immigration regulations provide that a noncitizen like Mr. Joseph may request a custody redetermination before an immigration judge "at any time" before his removal order becomes final, meaning this remedy still is available to him. *See* 8 C.F.R. § 236.1(d)(1). He need only submit an "[a]pplication for an initial bond redetermination . . . orally, in writing, or, at the discretion of the Immigration Judge, by telephone," to "the Immigration Court having jurisdiction over the place of detention." 8 C.F.R. § 1003.19(b)-(c). Although Mr. Joseph has already been ordered removed by an immigration judge and his case is on appeal, he is permitted to file a motion for a custody redetermination any time before the removal order becomes administratively final. *See In re Uluocha*, 20 I. & N. Dec. 133, 134 (BIA 1989).

Mr. Joseph asserts that ICE officers informed him he was ineligible for bond. This is likely true, given that he was initially processed as an expedited removal under § 1225(b)(1) and then was charged with being an alien present in the United States who has not been admitted or paroled at a time when the government was asserting that all noncitizens

present in the United States without admission were subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026) (joining a majority of courts in concluding that 8 U.S.C. § 1225(b)(2) does not apply to noncitizens who are not otherwise "seeking admission" within the statute's meaning). Even accepting that Mr. Joseph was previously told his detention was mandatory, the Warden has now acknowledged that Mr. Joseph is detained under § 1226(a) and is eligible to request custody redetermination before an immigration judge [7].[2] Whatever misunderstanding the earlier statements caused, Mr. Joseph identifies no continuing obstacle to requesting that review or reason to conclude that doing so would be futile. The court thus declines to excuse exhaustion on this basis, *see Gonzalez*, 355 F.3d at 1016, and concludes Mr. Joseph should exhaust his available remedy of requesting custody redetermination before an immigration judge before he brings his claims here.

For these reasons, the court DISMISSES WITHOUT PREJUDICE the petition for a writ of habeas corpus [2].

SO ORDERED.

October 9, 2026

*s/ Damon R. Leichty*
Judge, United States District Court

[2] The court has no reason to doubt the veracity of this representation, made by an officer of the court, and principles of judicial estoppel would limit the government's ability to advance a different position in immigration court. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006).